**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re:* | Chapter 11 |
| LIPELLA PHARMACEUTICALS INC., | Case No. 26-20879-CMB |
| Debtor, | |
| LIPELLA PHARMACEUTICALS INC., | Hearing Date and Time: |
| Movant, | Response Deadline: |
| v. | |
| NO RESPONDENTS, | |
| Respondent(s). | |

**DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION WAGES,**
**SALARIES, AND OTHER COMPENSATION OBLIGATIONS,**
**(II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED**
**OBLIGATIONS, AND (III) GRANTING RELATED RELIEF**

Lipella Pharmaceuticals Inc. ("**Debtor**") files this Expedited Motion for Entry of an Order

(I) Authorizing the Debtor to Pay Certain Prepetition Wages, Salaries, and Other Compensation

Obligations, (II) Authorizing Financial Institutions to Honor All Related Obligations, and (III)

Granting Related Relief ("**Motion**").

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a), 362(d),

363(b) and 507 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended;

hereinafter "**Bankruptcy Code**"), Rules 4001, 6003 and 6004 of the Federal Rules of Bankruptcy

Procedure ("**Bankruptcy Rules**").

## BACKGROUND

3. On March 30, 2026 ("**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4. The Debtor is Delaware corporation specializing in clinical-stage biotechnology with one location in Western Pennsylvania.

5. The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No party has requested the appointment of a trustee or examiner in this Bankruptcy Case, and no statutory committees have been appointed or designated.

## RELIEF REQUESTED

7. Pursuant to 11 U.S.C. §§ 11 U.S.C. §§ 105(a), 362(d), 363(b) and 507 and Fed. R. Bankr. P. 4001, 6003 and 6004, the Debtor requests entry of an order: (i) authorizing, but not directing, the Debtor to pay or otherwise honor, in its sole discretion, all prepetition Wage and Compensation Obligations, Payroll Processing Obligations, Payroll Tax Obligations, and Withholding Tax Obligations and related obligations (as defined herein, together with any related costs or expenses of administration, collectively, "**Prepetition Employee Obligations**"); (ii) authorizing, but not directing, the Debtor to continue in its ordinary course of business, prepetition practices, programs, and policies for its employees in effect as of the date hereof and as those practices, programs, and policies may be modified, amended or supplemented from time to time in the ordinary course of the Debtor's business ("**Employee Programs**") and to honor any related administrative costs and obligations arising thereunder (such obligations, together with the

Prepetition Employee Obligations, collectively, "**Employee Obligations**"); and (iii) authorizing

Banks (as defined herein) to process and honor related transfers.

8.     The approximate amounts of the unpaid Prepetition Employee Obligations, each of

which is discussed in further detail below, are summarized in **Schedule "1"** attached hereto and

incorporated herein.

9.     The Debtor further requests that the Court authorize any and all applicable financial

institutions (collectively, "**Banks**") to receive, process, honor and pay all checks presented for

payment and electronic payment requests relating to the foregoing to the extent directed by the

Debtor in accordance with this Motion, whether such checks were presented or electronic requests

were submitted before or after the Petition Date, and that all such Banks be authorized to rely on

the Debtor's designation of any particular check or electronic payment request as appropriate

pursuant to this Motion, without any duty of further inquiry, and without liability for following the

Debtor's instructions.

### The Debtor's Employees

10.     The Debtor has six employees, of which four are full-time salaried employees, one

is a part-time hourly employee, and one is a half-time salaried employee.

11.     Jonathan Kaufman, the Debtor's Chief Executive Officer and one of the Debtor's

full-time salaried employees, is deferring compensation.

12.     Doug Johnston, the Debtor's Chief Financial Officer and one of the Debtor's full-

time salaried employees, has agreed to defer compensation starting April 1, 2026.

13.     The Debtor depends on its workforce to continue to perform a variety of critical

functions for the Debtor, including management, administration, maintenance, research and

development, finance and accounting, and other areas crucial to the Debtor's businesses.   The

TADMS:21258935-1 044116-208154                           3

employees are fundamental to the success of the Debtor's businesses and operations and, as a result, critical to this chapter 11 case. A shortage of employees at this critical time would severely damage the debtor's ability to meet the needs of customers and maintain the requisite safety standards, thus jeopardizing the entire reorganization.

14. Additionally, the Debtor plans to market its biotech for sale through this Bankruptcy Case and will need the assistance of its employees to successfully market such sale.

15. The Debtor's employees rely on their compensation and will be exposed to significant financial hardship if the Debtor is not permitted to pay amounts due for work performed prior to the Petition Date and to continue paying these amounts in the ordinary course of business.

**Prepetition Employee Obligations**

16. The Debtor estimates that, as of the Petition Date, the aggregate amount of its unpaid Prepetition Employee Obligations is approximately $56,148.96.

**Payment-Related Obligations**

A. Compensation Obligations

17. The Debtor pays its employees' salaries, wages and other compensation in exchange for services they provide ("**Compensation Obligations**"). The Debtor's employees typically receive wage and salary payments on a monthly pay schedule via Paychex. On average, the Debtor pays approximately $39,849.00 each month on account of Compensation Obligations. As of the Petition Date, the Debtor estimates that the aggregate amount of unpaid Compensation Obligations accrued prepetition totals approximately $36,226.36.

18. The Debtor seeks authorization to satisfy all unpaid prepetition Compensation Obligations and to pay Compensation Obligations as they become due and owing.

TADMS:21258935-1 044116-208154 4

Approximations of the prepetition and ongoing Compensation Obligations are provided in **Schedule "1"**.

B.    Payroll Tax Obligations

19.    As an employer, the Debtor is required by law to withhold from certain Employees' salaries, wages, and other compensation amounts related to federal, state, and local income taxes, as well as Social Security and Medicare taxes (collectively, "**Withholding Taxes**") and to remit them to the appropriate taxing authorities (collectively, "**Taxing Authorities**").  The Debtor is also required to make payments from its own funds on account of Social Security and Medicare taxes and to pay, based on a percentage of gross payroll (and subject to state-imposed limits), additional amounts to the Taxing Authorities for, among other things, state and federal unemployment insurance (collectively, "**Employer Liabilities**" and, together with the Withholding Taxes, "**Payroll Tax Obligations**").  The Debtor's monthly Withholding Taxes and Employer Payroll Taxes total approximately $11,176.71.  As of the Petition Date, the Debtor estimates that it owes approximately $10,160.65 in Payroll Tax Obligations relating to the prepetition period.

20.    The Debtor seeks authorization to satisfy all unpaid prepetition Payroll Tax Obligations and to pay Payroll Tax Obligations as they become due and owing.  Approximations of the prepetition and ongoing Payroll Tax Obligations are provided in **Schedule "1"**.

C.    Employee Benefits

21.    The Debtor provides their full-time employees with optional health plan coverage, vision plan coverage, and a 401K with 4% match (the "**Employee Benefits**"), which total approximately $11,414.31 a month.  As of the Petition Date, the Debtor estimates that it owed approximately $10,466.90.

22.     By this Motion, the Debtor seeks authorization to satisfy all unpaid prepetition obligations related to the Employee Benefits and to pay any requests as and when they arise. Approximations of the prepetition and ongoing Employee Benefit obligations are provided in **Schedule "1".**

**BASIS FOR RELIEF**

**The Debtor Should be Permitted to Pay the Employee Obligations
and Continue the Employee Programs in the Ordinary Course**

23.     Under section 507(a)(4)(A) of the Bankruptcy Code, claims of employees against a debtor for "wages, salaries, or commissions, including vacation, severance and sick leave pay," that are "earned within 180 days before" the date on which a debtor's chapter 11 case is commenced are afforded priority unsecured status up to $12,850 per individual ("**Prepetition Compensation Cap**").

24.     The Debtor believes it will not make payments to any employee in excess of the Prepetition Compensation Cap on account of the prepetition Compensation Obligations.  As priority claims, such Prepetition Employee Obligations must be paid in full before any general unsecured obligations of the Debtor may be satisfied.  Accordingly, the relief requested herein likely will affect only the timing of the payment of a substantial portion of the Prepetition Employee Obligations and should not prejudice the rights of general unsecured creditors.

25.     The Court may also grant the relief requested herein pursuant to section 363(b) of the Bankruptcy Code, which provides that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).

26.     The Court also has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is

necessary for the Debtor to carry out its fiduciary duties under section 1107(a) of the Bankruptcy Code. *See Lehigh and New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that payments of prepetition claims that are necessary for continued operations will benefit the interests of all parties).

27.     The importance of a debtor's employees to its operations has been repeatedly recognized by courts in this district and others, and as such, courts have granted relief similar to the relief requested herein. *See, e.g., In re Heyl & Patterson, Inc.*, No. 16-21620 (CMB) (Bankr. W.D.Pa. May 4, 2016).

28.     Payment of Employee Obligations is warranted and justified by the facts and circumstances of this case.  The Debtor's employees are necessary to support the Debtor's § 363 sale process and regulatory obligations.

29.     Authorization to pay the Payroll Tax Obligations is also warranted because such Payroll Tax Obligations generally give rise to priority claims under section 507(a)(8) of the Bankruptcy Code and, therefore, general unsecured creditors will not be prejudiced by such payment.

30.     Further, Withholding Taxes that the Debtor withholds are held in trust for the Taxing Authorities and are not property of the Debtor's estate under section 541 of the Bankruptcy Code. *See Begier v. IRS*, 496 U.S. 53, 66-67 (1990).

### Cause Exists to Authorize Debtor's Banks to Honor Checks and Electronic Fund Transfers

31.     The Debtor has sufficient funds to pay the amounts described herein in the ordinary course of business.  Moreover, under the Debtor's existing cash management system, the Debtor can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the obligations discussed herein.  Accordingly, the Debtor believes that: (1) checks or wire

transfer requests, other than those relating to authorized payments, will not be honored inadvertently; (2) that the Court should authorize the Banks, when requested by the Debtor, to receive, process, honor and pay any and all checks or ire transfer requests in respect of the relief requested herein; and (3) that Banks should be able to rely on the Debtor's representations without any duty of further inquiry and without liability for following the Debtor's instructions.

### Debtor Has Satisfied Bankruptcy Rule 6003(b)

32.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days of the Petition Date.   As described above, the Debtor's employees are vital to the Debtor's operations. Accordingly, the Debtor submits that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### Request for Bankruptcy Rule 6004(a) and (h) Waivers

33.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).   As explained above and in the Declaration of Jonathan Kaufman, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor.   Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

**REQUEST FOR EXPEDITED RELIEF**

34.    To obtain a hearing on an expedited basis a movant must show: (1) just cause to request consideration of the underlying matter on an expedited basis; (2) the specific harm the movant shall incur if a hearing is not granted on an expedited basis; an (3) the need for an expedited hearing has not been caused by any lack of due diligence on the part of the attorney or the attorney's client but has been brought about solely by circumstances beyond their control.  *See* W.D.Pa. LBR 9013-2(a).

35.    In the instant case, just cause exists for the Court to hold an expedited hearing on this matter as obtaining a determination on the Motion under the normal notice period would cause the Debtor to incur harm because the Debtor will be unable to meet its payroll obligations, which could cause its employees to cease providing services to the Debtor and interfere with the Debtor's business operations.

36.    The Debtor has an immediate need to pay its employees to continue operating the business.

37.    The need for expedited hearing was not caused by lack of due diligence because the instant Motion and substantive relief was not available to the Debtor until the petition was filed.

38.    Accordingly, the Debtor respectfully requests the Court schedule the Motion for hearing on an expedited basis.

**RESERVATION OF RIGHTS**

39.    Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor;

(iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or waiver of the Debtor's right to dispute such claim subsequently.

## NO PRIOR REQUEST

40. This is the Debtor's first Motion seeking the relief as stated herein, and no prior request for said relief has been made by the Debtor's Counsel.

WHEREFORE, the Debtor respectfully requests immediate entry of the Proposed Order and, thereafter, the Proposed Final Order, granting the relief requested herein, and Debtor prays that this Court grant such other relief that is just and proper.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Dated: March 31, 2026

*/s/ Michael A. Shiner*
Michael A. Shiner, Esquire
PA ID No. 78088
Zakarij O. Thomas, Esquire
PA ID No. 87385
Maribeth Thomas, Esquire
PA ID No. 208376
Joanna D. Studeny, Esquire
PA ID No. 313148
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-566-1212
mshiner@tuckerlaw.com
zthomas@tuckerlaw.com
mthomas@tuckerlaw.com
jstudeny@tuckerlaw.com

*Counsel for the Debtor*