**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re:* | Chapter 11 |
| LIPELLA PHARMACEUTICALS INC., | Case No. 26-20879-CMB |
| Debtor, | |
| LIPELLA PHARMACEUTICALS INC., | Hearing Date and Time: |
| Movant, | Response Deadline: |
| v. | |
| NO RESPONDENTS, | |
| Respondent(s). | |

**ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION
WAGES, SALARIES, AND OTHER COMPENSATION OBLIGATIONS, (II)
AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED
OBLIGATIONS, AND (III) GRANTING RELATED RELIEF**

Upon the Debtor's Expedited Motion for Entry of an Order (I) Authorizing the Debtor to

Pay Certain Prepetition Wages, Salaries, and Other Compensation Obligations, (II) Authorizing

Financial Institutions to Honor All Related Obligations, and (III) Granting Related Relief

("**Motion**"), and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and  it  appearing, under the

circumstances, that adequate and sufficient notice of the Motion having been given, and that

no other or further notice need be given; and the court having reviewed the Motion; and the

Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and

the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, the estate, creditors and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED**, **ADJUDGED** and **DECREED**:

1.        The Motion is GRANTED;

2.        The Debtor is authorized, but not directed, pursuant to sections 105(a), 363(b), 507 and 1114(e) of the Bankruptcy Code, to pay or otherwise honor all Employee Obligations, that are due and payable and relate to the period prior to the Petition Date, without further order of this Court, in accordance with the Debtor's ordinary course of conduct and consistent with the Debtor's prepetition practices; provided, that pursuant to this order, the Debtor shall not pay any individual Employee an amount greater than (i) the Prepetition Compensation Cap on account of outstanding Compensation Obligations, or (ii) the statutory priority cap of section 507(a)(5)-(5), as adjusted under section 104 of the Bankruptcy Code.

3.        The Debtor is further authorized, but not directed, pursuant to sections 105(a), 363(b), 507 and 1114(e) of the Bankruptcy Code, to maintain and continue to honor and pay, in its sole discretion, all amounts owed in connection with the Debtor's business practices, program and policies for its employees as such were in effect as of the commencement of this Chapter 11 case and as such may be modified or supplemented from time to time in the ordinary course of business;

4.        Each of the Banks at which the Debtor maintains accounts relating to the payment of the obligations described in the Motion is authorized to (i) receive, process, honor and pay all

2

checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto, and (ii) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires or transfers are dated prior to, on or subsequent to the Petition date, without any duty to inquire otherwise;

5.      The Debtor is authorized, but not directed, to issue new post-petition checks, or effect new electronic fund transfers, on account of prepetition obligations and claims as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 case;

6.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program or policy between the Debtor and any third party under section 365 of the Bankruptcy Code;

7.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party;

8.      The requirements of Bankruptcy Rule 6003(b) have been satisfied;

9.      Under the circumstances of the Chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a);

10.     The Debtor is authorized to take all action necessary to the relief granted in this

3

Order;

11.    This Court shall retain jurisdiction with respect to all matters arising or related to

the interpretation or implementation of this Order.

Dated: _____, 2026            _____